IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KASEY MASTALSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-1321 |
| | ) |
| GEICO GENERAL INSURANCE | ) |
| COMPANY, i/t/d/b/a GEICO INSURANCE | ) |
| and/or GEICO, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Presently before the Court is the Motion for Summary Judgment and brief in support filed by Defendant GEICO General Insurance Company in this matter (Docket Nos. 27, 28), Plaintiff's response and brief in opposition thereto (Docket Nos. 30, 32), and Defendant's reply (Docket No. 33). In addition to the motion and briefs, the Court has considered the parties' concise statements and counter statements of material facts with attached appendices that were filed in connection with the briefs (Docket Nos. 29, 31).

For the reasons set forth herein, Defendant's Motion for Summary Judgment is denied.

**I.   Factual Background**

As the parties are well-acquainted with the factual background of this case, at this juncture the Court will present an abbreviated version of the facts relevant to the motion for summary judgment.[1] This case involves a claim for uninsured motorist benefits arising out of an

---

[1] The relevant facts are derived from the undisputed evidence of record and from the disputed evidence of record which is read in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.").

Additionally, Defendant has not responded to Plaintiff's Concise Statement of Material Facts and Additional Material Facts (Docket No. 31) in accordance with Rule 56.D of the Local Rules of the United States

accident that occurred on April 4, 2017, on Interstate 376 in Scott Township, Pennsylvania. (Docket No. 1-1, ¶¶ 4-5; Docket No. 29, ¶ 2). On that day, the weather was sunny and the roadway was dry. (Docket No. 29, ¶ 4). Plaintiff was driving her 2011 Volvo XC60 westbound in the left-hand lane of travel. (*Id.* ¶ 2). Plaintiff's attention was focused straight in front of her, she was not using a cell phone while driving, she was not tuning her car radio, and she was not distracted by anything. (Docket No. 31, ¶ 21). Plaintiff had not consumed any drugs, medication or alcohol. (*Id.* ¶ 14).

Plaintiff had moved into the left lane in order to allow traffic to merge onto the road from her right. (Docket No. 31, ¶ 15). In front of Plaintiff was a 2014 Chevrolet Silverado driven by William Shepis. (Docket No. 29, ¶ 2; Docket No. 31, ¶ 27). At approximately 11:23 a.m., near the Carnegie exit ramp, Plaintiff's vehicle struck Mr. Shepis' vehicle when he stopped his vehicle suddenly and without warning. (Docket No. 29, ¶¶ 2, 3; Docket No. 31, ¶ 2). Just before the collision occurred, Plaintiff pushed on her brakes, had both arms straight out while holding onto the steering wheel, looked in her rear-view mirror and side mirrors to see if there was anywhere that she could go to avoid the collision, and braced for impact. (Docket No. 31, ¶ 22). To Plaintiff's left at that time was a Jersey barrier, and there were vehicles behind her and to her right, so she was unable to swerve to avoid the collision. (*Id.* ¶¶ 20, 23).

Mr. Shepis was forced to stop because traffic ahead of him was stopping due to a car bumper that was laying in the road. (Docket No. 29, ¶ 2; Docket No. 31, ¶ 34). Because Plaintiff was unable to see around Mr. Shepis' truck, she did not know that there was a sudden

---

District Court for the Western District of Pennsylvania. The Court notes that since Defendant has not responded thusly, Plaintiff's Additional Material Facts (which cite to evidence of record in accordance with Local Rule 56.C.1, and which can be construed as setting forth purportedly undisputed material facts) can be deemed admitted for purposes of deciding Defendant's summary judgment motion. *See* LCvR 56.E. Regardless of whether such Additional Material Facts are disputed or whether they are deemed admitted for purposes of deciding Defendant's motion, however, the Court reaches the same conclusions herein.

emergency ahead until Mr. Shepis slammed on his own brakes. (Docket No. 31, ¶ 25). At the time of the accident, Plaintiff was traveling at a speed of approximately 55 miles per hour, which was within the speed limit. (*Id.* ¶ 16). Leading up to the accident, Mr. Shepis did not feel that Plaintiff was tailgating, riding his bumper, or otherwise driving too closely to him. (*Id.* ¶ 28). When asked if he felt as though someone was "breathing down [his] neck behind [him]" right before the incident, Shepis responded, "It wasn't like that at all. The highway was super spaced out." (*Id.* ¶ 29).

After the accident, the driver of the van from which the bumper had fallen returned to the scene, retrieved his vehicle's bumper, and left again without anyone obtaining his name. (Docket No. 31, ¶ 35). Pennsylvania State Trooper Thomas Armour arrived at the scene of the incident, but he did not witness Plaintiff driving and did not witness the accident. (*Id.* ¶¶ 36, 37). Officer Armour took no photographs or measurements of any skid marks, the scene generally, or the damage to the vehicles involved in the incident. (*Id.* ¶ 42). Officer Armour has no personal knowledge of how far behind Mr. Shepis' truck Plaintiff was driving before the accident or how near behind Plaintiff's vehicle the next closest car to her was before the crash, nor does he have personal knowledge of, or measurements indicating, what Plaintiff's speed was leading up to the incident or how far behind Mr. Shepis' vehicle Plaintiff was when she applied her brakes. (*Id.* ¶¶ 40, 41, 44). There are no expert opinions or evidence (such as forensic evidence indicating how fast or how far behind Mr. Shepis Plaintiff was as she drove along the highway prior to the accident) in this case. (*Id.* ¶ 45).

As a result of the collision, Plaintiff allegedly sustained various personal injuries. (Docket No. 29, ¶ 5). At all relevant times, Plaintiff was insured by Defendant on two policies

providing uninsured motorist coverage. (*Id.* ¶ 6). Plaintiff made a claim to Defendant for uninsured motorist benefits, which Defendant denied. (*Id.* ¶¶ 9, 10; Docket No. 1-1, ¶ 38).

On or about August 3, 2020, Plaintiff timely filed her Complaint in Civil Action ("Complaint") in the Court of Common Pleas of Allegheny County, Pennsylvania. (Docket No. 1, ¶ 1; Docket No. 1-1). On September 4, 2020, Defendant filed a Notice of Removal of the action based on this Court's diversity jurisdiction. (Docket No. 1). The case was reassigned to this judicial officer on September 22, 2020. (Docket No. 11). Plaintiff's Complaint includes a single Count alleging breach of contract under Pennsylvania law (Count I). (Docket No. 1-1 at 9-11). Defendant filed its Motion for Summary Judgment, which has been fully briefed by the parties, and the motion is now ripe for decision.

## II.     **Standard of Review**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The parties must support their position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original). A disputed fact is material if it might affect the outcome under the substantive law. *See Boyle v. Cnty. of Allegheny, Pa.*, 139 F.3d 386, 393 (3d Cir. 1998) (citing *Anderson*, 477 U.S. at 247-48). Summary judgment is unwarranted where there is

a genuine dispute about a material fact, that is, one where a reasonable jury, based on the evidence presented, could return a verdict for the non-moving party with regard to that issue. *See Anderson*, 477 U.S. at 248.

When deciding a motion for summary judgment, the Court must draw all inferences in a light most favorable to the non-moving party without weighing the evidence or questioning the witnesses' credibility. *See Boyle*, 139 F.3d at 393. The movant has the burden of demonstrating the absence of a genuine issue of material fact, while the non-movant must establish the existence of each element for which it bears the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant has pointed to sufficient evidence of record to demonstrate that no genuine issues of fact remain, the burden is on the non-movant to search the record and detail the material controverting the movant's position. *See Schulz v. Celotex Corp.*, 942 F.2d 204, 210 (3d Cir. 1991). Rule 56 requires the non-moving party to go beyond the pleadings and show, through the evidence of record, that there is a genuine issue for trial. *See Celotex v. Catrett*, 477 U.S. at 324.

### III. <u>Discussion</u>

As previously stated, Plaintiff's Complaint contains a single claim against Defendant for breach of contract under Pennsylvania law. (Docket No. 1-1 at 9). Specifically, Plaintiff alleges that the accident underlying her claim is the fault of the unknown driver whose bumper fell onto the roadway ahead of her, and that Defendant has wrongfully failed to pay her the uninsured motorist benefits to which she is entitled under the terms and conditions of her insurance policies. (*Id.* ¶¶ 30-42). Defendant argues in its Motion for Summary Judgment that Plaintiff is negligent *per se* under Pennsylvania law for having violated the assured clear distance ahead rule, and that the Court should find that Plaintiff is the only person responsible for the accident

and disallow her attempt to recover uninsured motorist benefits. (Docket No. 28 at 3-7). In response to Defendant's motion, Plaintiff argues that there are a number of facts and circumstances – regarding her speed, the road conditions, the surrounding traffic, the flow of traffic on the roadway, and her actions prior to and during the emergency stop precipitated by a bumper unexpectedly laying in the road – that must be taken into consideration, which could lead a reasonable jury to find that Plaintiff did not violate the assured clear distance ahead rule and was not negligent, and that the accident was caused by the negligence of the driver whose bumper fell onto the road. (Docket No. 32 at 1).

The "assured clear distance ahead rule" provides as follows:

> No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead.

75 Pa. Cons. Stat. Ann. § 3361. The Pennsylvania Supreme Court has held that the phrase "stop within the assured clear distance ahead" does not mean that the driver must be *guaranteed* to be able to stop within that distance but, rather, that it must be *reasonable* for the driver to expect to be able to stop therein. *See Lockhart v. List*, 665 A.2d 1176, 1179-81 (Pa. 1995) ("In short, the assured clear distance ahead rule simply requires a driver to control the speed of his or her vehicle so that he or she will be able to stop within the distance of whatever *may reasonably be expected* to be within the driver's path."); *Fleischman v. City of Reading*, 130 A.2d 429, 431 (Pa. 1957). In determining whether a driver has violated the assured clear distance ahead rule, "Pennsylvania courts have looked to a driver's reasonableness and his speed relative to conditions in a fact-based analysis." *Collins v. Tate*, No. 2:17-CV-00318-MJH, 2019 WL 3817570, at *3 (W.D. Pa. Aug. 14, 2019).

6

The Pennsylvania Supreme Court has held that a violation of the assured clear distance ahead rule may be considered negligence as a matter of law when it is clearly established by the evidence. *See id.* (citing *Springer v. Luptowski*, 635 A.2d 134, 136 (Pa. 1992), and *Haines v. Dulaney*, 227 A.2d 625, 625-26 (Pa. 1967)). Thus, negligence as a matter of law has been found where expert forensic testimony establishes a violation by demonstrating excessive speed under the specific circumstances presented. *See Springer*, 635 A.2d at 136*; Haines*, 227 A.2d at 625-26*; see also Smith v. Wells*, 212 A.3d 554 (Pa. Super. Ct. 2019) (finding that the trial court erred in not finding the defendant's violation of Section 3361 to be negligence *per se*, and instead submitting an interrogatory to the jury asking the jury to determine whether the defendant was negligent, when the defendant revealed facts implicating his own negligence and where he did not claim any sudden emergency or any other affirmative defense such as contributory negligence of another).

Therefore, a court cannot properly determine that the assured clear distance ahead rule has been violated simply by concluding that any driver who fails to stop before hitting a vehicle ahead is automatically negligent. Rather, a court must analyze whether the evidence clearly shows that the driver was operating the vehicle at an unsafe speed in light of the driving conditions. *See, e.g., Collins*, 2019 WL 3817570, at *3-4 (finding that, unlike *Springer* or *Haines*, there was no conclusive evidence to establish the time it would have taken the defendant to stop his car, and because the evidence established that questions of fact existed as to the reasonableness of the defendant's driving and speed under the conditions, no clear violation of the assured clear distance ahead rule could be found as a matter of law; and since a question of reasonableness existed, the motion for partial summary judgment as to the assured clear distance ahead rule was denied); *Lockhart*, 665 A.2d at 1181-82 (in which, at trial, the evidence presented

7

did not clearly establish that the plaintiff was operating her vehicle at a speed too great to stop within a specified distance, and the issue of whether the plaintiff had violated the assured clear distance ahead rule was not determined as a matter of law, but was instead submitted to a jury to decide).

Here, upon consideration of the parties' filings including the evidence of record presented therein, the Court finds that there is no conclusive evidence showing that Plaintiff violated the assured clear distance ahead rule. Unlike other cases that have applied the rule, as cited, *supra*, there is no record evidence to establish the time it would have taken Plaintiff to stop her vehicle, nor is there record evidence of the distance between vehicles involved here, nor is there any expert testimony upon which the Court may rely. *See, e.g., Collins*, 2019 WL 3817570, at *3 (finding that, unlike other cases where courts found that the assured clear distance ahead rule had been violated as a matter of law, there was no conclusive record evidence to establish the time that it would have taken for the defendant to stop his vehicle relative to plaintiff's disabled vehicle); *Springer*, 635 A.2d at 136 (holding that a violation of the assured clear distance ahead rule could be deemed negligence as a matter of law in that case, where the evidence clearly established the driver's negligence because an expert had testified that, at the point where the driver could have first seen the obstruction, he would not have been able to stop – since it would have taken the driver 376 feet to stop at the rate of speed he was travelling, and the obstructions in the road were 320 feet ahead); *Haines*, 227 A.2d at 625-26 (finding that a driver was negligent as a matter of law because, when coming around a specific sharp curve in the road, the assured clear distance ahead was 30 feet, but the driver had been travelling at a speed which required at least 77 feet to stop the vehicle, and rejecting the argument that the assured clear distance ahead rule should not apply because of a sudden emergency).

Furthermore, as Plaintiff points out, the evidence of record here establishes – at a minimum – that there are questions of fact regarding the reasonableness of her driving and speed in conjunction with the traffic and road conditions present at the time of the accident. Therefore, the evidence of record simply does not establish conclusively that Plaintiff violated the assured clear distance ahead rule as a matter of law. Accordingly, Defendant's summary judgment motion, which is based on the argument that Plaintiff is *per se* negligent because she violated the assured clear distance ahead rule, will be denied.

## IV. Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is denied. An Order consistent with this Memorandum Opinion follows.


Dated: December 14, 2022                *s/ W. Scott Hardy*
                                        W. Scott Hardy
                                        United States District Judge


cc/ecf: All counsel of record